UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE DOMAIN NAME SERVICED BY WILD WEST DOMAINS, LLC | ML No. 22-1212 |

*Reference:   DOJ Ref. # CRM-182-84725; Subject Account: gudzowaty.org as it was assigned on December 1, 2015*

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement between the United States of America and the Republic of Poland on the Application of the Treaty between the United States of America and the Republic of Poland on Mutual Legal Assistance in Criminal Matters signed 10 July 1996, pursuant to Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington 25 June 2003, Pol.-U.S., June 9, 2006, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), to execute a request from the Republic of Poland ("Poland").  The proposed Order would require Wild West Domains, LLC ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Tempe, Arizona, to disclose certain records and other information pertaining to the PROVIDER account associated with gudzowaty.org as it was assigned on December 1, 2015, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are described in Part II of Attachment A to the

proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1. PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 5(1) (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3. Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute Poland's request has been duly authorized

by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in Poland in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

**RELEVANT FACTS**

5. Authorities in Poland are investigating an unknown individual or group of individuals for attempted fraud offenses, which occurred on or about December 1, 2015, in violation of the criminal law of Poland, specifically, Articles 13, 286, and 294 of the Polish Criminal Code. A copy of the applicable law is appended to this application. The United States, through the Office of International Affairs, received a request from Poland to provide the

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

requested records to assist in the criminal investigation. Under the Agreement, the United States is obligated to render assistance in response to the request.

6. According to authorities in Poland, on December 1, 2015, an employee (the "employee") responsible for executing transactions on behalf of a particular individual (the "victim") received an e-mail from an unknown individual (the "suspect"), who used the e-mail account inbox@gudzowaty.org. In the e-mail, the suspect purported to be the victim and used the victim's full name. The suspect instructed the employee to transfer EUR 100,000 (then approximately USD 109,000) from the victim's account to a particular bank account in London, England.

7. Ultimately, the victim's bank never completed the transfer because the victim reported the fraud to the bank.

8. The e-mail account inbox@gudzowaty.org is spelled very similarly to the actual e-mail account used by the victim, differing only slightly in the domain name.

9. The domain gudzowaty.org as it was assigned on December 1, 2015 was hosted by PROVIDER. As a result, Polish authorities seek records from PROVIDER in an effort to locate and identify the suspect as well as determine the nature and scope of the suspect's criminal activities.

## REQUEST FOR ORDER

10. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in Poland identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the

United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _____
        Martyna Pospieszalska
        Trial Attorney
        NY Bar Number 5018528
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W., Suite 300
        Washington, D.C.  20530
        (202) 598-8012 telephone
        (202) 514-0080 facsimile
        Martyna.Pospieszalska@usdoj.gov

## Relevant Provisions of the Polish Criminal Code

**Article 13**
**Section 1.** Whoever with the intent to commit a prohibited act, directly attempts its commission through his conduct, which subsequently however does not take place, shall be held liable for an attempt.

**Article 286**
**Section 1.** Whoever, with the purpose of gaining a material benefit, commits a fraud by misleading another person, or by taking advantage of a mistake or inability to adequately understand the action undertaken shall be subject to the penalty of imprisonment for a term of between six months and eight years.

**Article 294**
**Section 1.** Any person who commits the crime referred to in . . . article 286 section 1 . . . against property of considerable value, is liable to a penalty of imprisonment for a term of between one and ten years.